670 N.W.2d 567 (2003)
AMERICAN ALTERNATIVE INSURANCE COMPANY, INC., and DVA Ambulance, Plaintiffs-Appellants,
v.
FARMERS INSURANCE EXCHANGE, a/k/a Farmers Insurance Company, Farm Bureau Insurance Company, Coates Masonry, Inc., and Cripple Creek, Inc., Defendants, and
Donald Jeffrey York, Defendant-Appellee.
Docket No. 121968, COA No. 227917.
Supreme Court of Michigan.
November 7, 2003.
On order of the Court, the application for leave to appeal the June 25, 2002 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(l), we direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action permitted by MCR 7.302(G)(l). The parties shall include among the issues to be addressed whether the intentional tort exception in the no-fault act [MCL 500.3135(3)(a) ] that requires "intentional" conduct includes conduct that is "wilful and wanton". The parties are also directed to address the question whether M.C.L. § 500.3135(3)(a) *568 is ambiguous. They may file supplemental briefs within 28 days of the date of this order.
The application for leave to appeal remains pending.
MARKMAN, J., concurs, and states as follows:
Concerning the question whether M.C.L. § 500.3135(3)(a) is ambiguous, I commend to the attention of the parties for its possible relevance, Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 478, 481, 663 N.W.2d 447 (2003), in which this Court set forth an approach to the interpretation of allegedly ambiguous contract language. Although the instant case involves a statute rather than a contract, the analysis of Klapp may nonetheless prove relevant.